# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| KELVIN FORD and TASHA FORD, <br><br> Plaintiffs, <br><br> v. <br><br> SPECIALIZED LOAN SERVICING, LLC, <br> CHASE MORTGAGE COMPANY, <br> SHAPIRO & INGLE, LLP; MARATHON <br> MANAGEMENT, LLC; MARVIN'S <br> GARDEN, LLC, and AUCTION.COM, <br> INC., <br><br> Defendants. | No. 2:16-cv-02414-JPM-tmp |

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation on Plaintiffs' Motion to Amend Amended Complaint (ECF No. 72) and on Defendants' Motions to Dismiss (ECF Nos. 30, 32, 33, 35, and 47), filed on January 24, 2017. (ECF No. 78.) In the Report and Recommendation, the Magistrate Judge recommends that "the motion to amend be granted in part and denied in part, and that the motions to dismiss be granted in part and denied in part." (Id. at PageID 639.) For the reasons stated below, the Court ADOPTS IN PART the Report and Recommendation.

## I.  BACKGROUND

This pro se case arises out of a foreclosure sale of Plaintiffs' home at 7421 Iris Cove, Memphis, Tennessee. (ECF No. 18.) Plaintiffs allege that Defendants were involved in a wrongful foreclosure of Plaintiffs' home in the following capacities: Defendant Specialized Loan Servicing, LLC ("SLS") was the alleged servicer of the wrongfully foreclosed loan and acted as an agent of the holder/owner of the loan. (Id. at PageID 100.) Defendant JPMorgan Chase

Bank, N.A. ("Chase") was the alleged holder/owner of the wrongfully foreclosed loan. (Id.) Defendant Shapiro & Ingle, LLP ("SAI") was the alleged substitute trustee that conducted foreclosure proceedings and functioned as a debt collector for Chase and SLS. (Id.) Defendant Marathon Management, LLC was the alleged agent of Marvin's Garden, LLC, and allegedly evicted Plaintiffs through a proceeding in Shelby County Court. Defendant Marvin's Garden, LLC was the alleged purchaser at the foreclosure sale of the property. Auction.com, Inc. was allegedly employed by SAI to conduct foreclosure proceedings as an auctioneer. The foreclosure sale occurred on June 2, 2016. (ECF No. 18 at PageID 106.)

Plaintiffs requested an injunction from the Shelby County Chancery Court but no relief was granted. (ECF No. 1-2.) The case was removed to this Court on June 13, 2016. (ECF No. 1.) With leave of the Court, Plaintiffs filed an Amended Complaint on July 13, 2016. (ECF No. 18.) The Amended Complaint asserts the following claims: (1) breach of contract against Chase, SLS, and SAI; (2) breach of the covenant of good faith and fair dealing against Chase, SLS, SAI, and Auction.com; (3) fraud and deceit against Chase, SLS, SAI, and Auction.com; (4) violation of RESPA against Chase and SLS; (5) violation of escrow waving against Chase; (6) quiet title / set aside sale; (7) declaratory judgment that Plaintiffs are the owners of the property and are entitled to its possession. (ECF No. 18.) Plaintiffs request compensatory damages, exemplary and/or punitive damages for fraud and deceit, and are also seeking to quiet title to the property. (ECF No. 18 at PageIDs 114-15.) Defendants filed motions to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12 (b) (6). (ECF Nos. 30, 32, 33, 35, and 47.) Plaintiffs were granted until September 28, 2016 to respond to the motions to dismiss (ECF No. 49); however, Plaintiffs failed to respond by the deadline and Defendants Chase and SLS filed a motion to dismiss for failure to comply with the court's order (ECF No. 78). Plaintiffs filed

untimely responses to the motions to dismiss on October 12, 2016 and October 13, 2016 (ECF Nos. 52, 53, 54, 56, and 57), and explained that the responses were untimely due to personal circumstances of "extreme hardship," including "death in the family, illness, and an accident resulting in the totaling of a car" (ECF No. 55).

On November 30, 2017, Plaintiffs filed a motion to amend the Amended Complaint. (ECF No. 72-1.) Defendants Chase, SLS, Marathon, Marvin's, and Auction.com have filed responses in opposition to the motion to amend. (ECF Nos. 73, 74, and 75.)

On January 24, 2017, the Magistrate Judge issued a Report and Recommendation on Defendants' motions to dismiss the Amended Complaint (ECF Nos. 30, 32, 33, 35, 47), Defendants Chase and SLS's Motion to Dismiss for Failure to Comply with Court Order (ECF No. 50), and Plaintiffs' Motion to Amend the Amended Complaint. (ECF No. 78.) Defendant SAI timely filed objections to the Report and Recommendation on February 6, 2017, asserting the following three objections: (1) the Magistrate erred in disregarding the affidavit of Nicholas Raab (ECF No. 36-1); (2) the Magistrate erred in not analyzing whether SAI's allegedly conduct prejudiced Plaintiff's in some manner; and (3) the Magistrate erred in not analyzing whether SAI was privileged to conduct a foreclosure sale. (ECF No. 79.) No other parties have filed objections to the Report and Recommendation to date.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

3

The portions of the Report and Recommendation as to which no specific objections were timely filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509. Moreover, the "failure to properly file objections constitutes a waiver of appeal." See Howard, 932 F.2d at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

## III. ANALYSIS

### A. Plaintiffs' Motion to Amend the Amended Complaint

1. *Count 1 – Breach of Contract*

As to Count 1 – Breach of Contract, the Magistrate Judge finds that "the Fords have adequately alleged a violation of the notice requirements contained in the DOT, as well as the statutory requirements." (ECF No. 78 at PageID 650.) The Magistrate Judge also finds that "the Proposed Complaint plausibly alleges a claim for breach of the DOT against Chase, Shapiro, and Specialized on the grounds that the Fords were not in default." (Id. at PageID 652.) Lastly, the Magistrate Judge finds that the Proposed Complaint fails to state any claim for a breach of the DOT resulting from either of the following: the initiation of foreclosure proceedings on the DOT around the middle of May 2015, a breach of section 20 of the DOT, or a violation of Tennessee Code Annotated § 35-5-114. (Id. at PageIDs 652-53.)

Plaintiffs propose the following material amendments to Count 1 – Breach of Contract: (1) that SLS breached section 20 of the DOT by failing to provide a reasonable period of time for

corrective action (¶ 41), (2) that SLS breached section 22 of the DOT by failing to send a notice (¶ 42), and (3) that Plaintiffs were not in default and therefore Auction.com as SAI's agent breached the DOT by proceeding to foreclosure (¶¶ 38, 39, 43). (ECF No. 72-1 at PageID 585.)

As to the proposed amendments to paragraph 41[1] of Count 1, the Magistrate Judge first found that the Proposed Complaint failed to state a claim for a breach of the Deed of Trust (DOT) based on SLS's alleged violation of section 20 of the DOT, as "§ 20 does not require a reasonable period of time for corrective action before a change in the loan servicer." (ECF No. 78 at PageID 652.) Upon clear error review, the Court finds that section 20 does not require a reasonable time for corrective action and adopts the Magistrate Judge's finding regarding paragraph 41 of the proposed Second Amended Complaint. Plaintiffs are denied leave to amend the Amended Complaint with regards to paragraph 41.

With regards to the proposed amendment contained in paragraph 42, the Magistrate Judge found that "the Fords have adequately alleged a violation of the notice requirements contained in the DOT." (ECF No. 78 at PageID 650.) In doing so, however, the Magistrate Judge did not consider Defendants' exhibits relating to the adequacy of the notice provided to the Fords, which included the affidavit of Nicholas Raab contained in ECF No. 36-1. (Id. at PageID 651.) SAI filed an objection to the Magistrate Judge's decision to decline to consider the Raab affidavit and accompanying exhibits, asserting that the documents "established the nature of the dispute that arose in September 2015" and are "integral to the Complaint." (ECF No. 79 at PageIDs 670, 673.) Case law states that a court may consider documents outside of the pleadings in ruling on a 12(b)(6) motion to dismiss "when a document is referred to in the pleadings and is integral to the claims." See, e.g., In re Fair Finance Company v. Textron

---

[1] The Court refers to the paragraph numbers in the proposed Second Amended Complaint (ECF No. 72-1).

Financial Corp., 834 F. 3d 651 (6th Cir. 2016). Because, as discussed below, the Court declines to adopt the Magistrate Judge's recommendations as to the motions to dismiss filed as to the Amended Complaint, the Court may not consider Defendant's exhibits in its assessment of the Motion to Amend the Amended Complaint. As such, the Court reviews the Magistrate Judge's recommendation regarding the proposed amendment to paragraph 42 for clear error and ADOPTS the recommendation. Plaintiffs are granted leave to amend the Amended Complaint to add the proposed amendment to paragraph 42.

Thirdly, with regards to the proposed amendments to paragraphs 38, 39, 43, and 44 of Count 1 – Breach of Contract, the Magistrate Judge did not specifically recommend that the Court grant this proposed amendment. Regarding the proposed amendments to paragraph 38, the Magistrate Judge stated that "the Proposed Complaint neither sufficiently alleges a violation of § 35-5-114 [which regulates the appointment of substitute trustees relating to foreclosure sales] nor identifies how such a violation would breach the DOT." (ECF No. 78 at PageIDs 652-53.) Regarding the proposed amendments to paragraph 39, the Magistrate Judge found that "the Proposed Complaint plausibly alleges a claim for breach of the DOT against Chase, Shapiro, and Specialized on the grounds that the Fords were not in default." (ECF No. 78 at PageID 652.) SAI did not file specific objections to the proposed amendments to either paragraph 38 or 39 of the proposed Second Amended Complaint. Therefore, the Court reviews the Magistrate Judge's findings for clear error. Upon clear error review, the Court adopts this portion of the Report and Recommendation. Plaintiffs are granted leave to amend Count 1 – Breach of Contract to include the proposed amendments to only paragraphs 39, 43, and 44 of the proposed Second Amended Complaint.

*2. Count 2 – Breach of the Covenant of Good Faith and Fair Dealing*

In the motion to amend, the Plaintiffs propose the following amendments to Count 2: (1) the addition of Chase and SLS to paragraph 52 and (2) the addition of Chase and SLS to paragraph 55. (ECF No. 72-1 at PageID 587.) In the Report and Recommendation, the Magistrate Judge found "no basis for the proposed claim of breach of the covenant of good faith and fair dealing" as to all Defendants. (ECF No. 78 at PageIDs 653-54.) None of the parties have filed objections to this finding. Upon clear error review, the Court adopts the Magistrate Judge's finding and DENIES Plaintiffs' motion to amend regarding the proposed amendments to Count 2.

*3. Count 3 – Fraud and Deceit*

Plaintiffs propose the following amendments to Count 3, which involve allegedly false representations made by SAI: (1) the addition of paragraph 60, (2) the addition of paragraph 61, and (3) the addition of paragraph 62. (ECF No. 72-1 at PageID 589.) In the Report and Recommendation, the Magistrate Judge found that "the Proposed Complaint fails to state a claim for fraud against any defendant" and recommended that "the motion to amend be denied as to the fraud claims." (ECF No. 78 at PageID 658.) SAI has not specifically objected to the Magistrate Judge's findings as to Count 3. Upon clear error review, the Court adopts the Magistrate Judge's findings and DENIES Plaintiffs' motion to amend regarding the proposed amendments to Count 3.

*4. Count 4 – Violation of RESPA*

Plaintiffs propose the following amendments to Count 4: (1) additional detail as to the alleged violation of RESPA in paragraphs 67 and 68 by Chase and SLS, (2) the addition of paragraphs 69, 70, and 73 as to Chase and SLS, (3) additional specificity as to the allegedly

violated statutes in paragraphs 72, 74, and 75. (ECF No. 72-1 at PageIDs 590-91.) In the Report and Recommendation, the Magistrate Judge recommended that "the motion to amend be granted as to the RESPA claim against Chase and Specialized, and denied as to all other defendants." (ECF No. 78 at PageID 664.) Specifically, the Magistrate Judge found that "the Proposed Complaint states a claim under § 2605 of RESPA against Chase and Specialized that meets the Rule 12(b)(6) standard." (Id. at PageID 663.) The Magistrate Judge also found that "the Proposed Complaint sufficiently alleges actual damages pursuant to § 2605(f)(1)," but that "the Fords have not stated a claim for statutory damages" or punitive damages under § 2605(f)(1)(B). (Id. at PageID 664.) SAI has not file specific objections to the Magistrate Judge's findings regarding the proposed amendments to Count 4. Upon clear error review, the Court adopts the Magistrate Judge's findings. Plaintiffs are granted leave to amend Count 4 to add the proposed amendments to paragraphs 67, 68, 69, 70, 72, 73, 74, and 75. Plaintiffs are denied leave to amend Count 4 with regards to the proposed addition of paragraph 76.

5. *Count 5 – Violation of Tennessee Code Annotated § 35-5-112*

Plaintiffs propose the addition of Count 5 – Violation of Tennessee Code Annotated § 35-5-112 to the Amended Complaint. (ECF No. 72-1 at PageID 592.) The Report and Recommendation finds that "the Fords have failed to state a claim under § 35-5-112 (b), and the court recommends the motion to amend be denied as to this claim." No party has filed an objection to this recommendation; the Court hereby adopts the Report and Recommendation with regards to Count 5 of the proposed Second Amended Complaint and DENIES Plaintiff's motion to amend to add Count 5 – Violation of Tennessee Code Annotated § 35-5-112.

6. *Count 6 – Violation of Escrow Waving*

Plaintiffs have not proposed any amendments to this count of the proposed Second Amended Complaint.

### 7. *Count 7 – Quiet Title/Set Aside Sale*

Plaintiffs propose the addition of paragraph 92 to Count 7 – Quiet Title/Set Aside Sale. (ECF No. 72-1 at PageIDs 593-94.) Specifically, Plaintiffs assert that the foreclosure sale that occurred on June 2, 2016 should be set aside due to the violation of Tennessee Code Annotated § 35-5-112 (b). As previously stated, however, the Court finds that Plaintiff have failed to state a claim under § 35-5-112(b). As a result, the Court DENIES Plaintiff's motion to amend to add paragraph 92 Count 7.

### 8. *Count 8 – Declaratory Judgment*

Plaintiffs have not proposed any amendments to this count of the proposed Second Amended Complaint.

### 9. *Prayer for Relief*

Plaintiff propose the following amendments to the prayer for relief; (1) the addition of Auction.com to paragraph two, and (2) the addition of paragraph six regarding liability under Tennessee code Annotated § 35-5-112 (b). (ECF No. 72-1 at PageIDs 595-96.) No party has filed any objections to the proposed amendments to the prayer for relief. As previously discussed, the Court finds that Plaintiffs have sufficiently stated a claim for breach of contract, but finds that Plaintiffs have failed to state a claim under § 35-5-112 (b). As a result, the Court GRANTS Plaintiff's motion to amend with regards to the proposed amendments to paragraph two, but DENIES Plaintiff's motion to amend to add paragraph six to the prayer for relief section.

## B. Defendants' Motions to Dismiss for Failure to State a Claim

In the Report and Recommendation, the Magistrate Judge recommends that the motions to dismiss be "granted in part and denied in part." (ECF No. 78 at PageID 639.) SAI filed three general objections regarding the Magistrate Judge's recommendation on its motion to dismiss – (1) that the Magistrate erred in disregarding the Affidavit of Nicholas Raab (ECF No. 36-1); (2) the Magistrate erred in not analyzing whether SAI's alleged conduct prejudiced Plaintiff's in some manner; (3) the Magistrate erred in not analyzing whether SAI was privileged to conduct a foreclosure sale. (ECF No. 79.) As a preliminary matter, the Court considers the Magistrate Judge's decision to rule on the motions to dismiss in conjunction with the motion to amend the Amended Complaint. As no party has filed specific objections to this decision, the Court reviews this proposed recommendation for clear error. See Howard, 932 F.2d at 509. On clear error review, the Court declines to adopt this proposed recommendation. As discussed previously, the Court grants in part and denies in part Plaintiffs' Motion to Amend the Amended Complaint (ECF No. 72) and will allow Plaintiffs to file a Second Amended Complaint in accordance with the Court's Order. The Court therefore DENIES WITHOUT PREJUDICE the Motions to Dismiss filed as to the claims in the current Amended Complaint (ECF No. 18). Once Plaintiffs file their Second Amended Complaint, Defendants may refile their motions to dismiss as to the Second Amended Complaint. If Plaintiffs fail to file a Second Amended Complaint, Defendants may refile the Motions to Dismiss filed to date (ECF Nos. 30, 32, 33, 35, and 47) and file a motion for reconsideration of the instant Report and Recommendation as to the proposed recommendation regarding Defendants' motions to dismiss. Accordingly, the Court DECLINES to adopt the proposed recommendation regarding Defendants' Motions to Dismiss for Failure to State a Claim (ECF Nos. 30, 32, 33, 35, and 47).

### C. Defendants Chase and SLS's Motion to Dismiss for Failure to Comply with Court Order

In the Report and Recommendation, the Magistrate Judge recommends that "Chase and Specialized's motion to dismiss pursuant to Rule 41(b) be denied." (ECF No. 78 at PageID 641.) Because no party has made an objection to this proposed recommendation in the Magistrate Judge's report, the Court reviews this proposed recommendation for clear error. See Howard, 932 F.2d at 509. On clear-error review, the Court hereby ADOPTS this recommendation. Accordingly, Chase and SLS's Motion to Dismiss for Failure to Comply with Court Order (ECF No. 50) is DENIED.

### IV. CONCLUSION

For the reasons stated above, the Court hereby ADOPTS IN PART the Report and Recommendation. Accordingly, the Court DENIES Chase and SLS's Motion to Dismiss for Failure to Comply with Court Order (ECF No. 50). The Court DENIES WITHOUT PREJUDICE the motions to dismiss filed to date (ECF No. 30, 32, 33, 35, and 47). The Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion to Amend the Amended Complaint (ECF No. 72). Plaintiffs shall have 14 days from the entry of this Order to file their Second Amended Complaint.[2]

IT IS SO ORDERED, this 31st day of March, 2017.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE

---

[2] Once Plaintiffs file a Second Amended Complaint, Defendants may refile motions to dismiss as to the Second Amended Complaint, if desired.