IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **KELVIN FORD and TASHA FORD,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| ) | |
| ) | |
| vs. ) | |
| ) | |
| **SPECIALIZED LOAN SERVICING,** ) | No. 2:16-cv-02414-JPM-tmp |
| **LLC; CHASE MORTGAGE** ) | |
| **COMPANY; SHAPIRO & INGLE, LLP;** ) | |
| **MARATHON MANAGEMENT, LLC;** ) | |
| **MARVIN'S GARDEN, LLC and** ) | |
| **AUCTION.COM, INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION; ORDER
GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS**

Before the Court is the Magistrate Judge's Report and Recommendation on Defendants'

Motions to Dismiss (ECF No. 30, 32, 33, 35, and 47), filed on January 24, 2017. (ECF No. 78.)

In the Report and Recommendation, the Magistrate Judge recommends that "the motions to

dismiss be granted in part and denied in part." (Id. at PageID 639.) For the reasons stated

below, the Court ADOPTS IN PART the Report and Recommendation.

**I.      BACKGROUND**

This case arises out of a foreclosure sale of Plaintiffs' home at 7421 Iris Cove, Memphis,

Tennessee. (ECF No. 18.) Plaintiffs allege that Defendants were involved in a wrongful

foreclosure of Plaintiffs' home in the following capacities: Defendant Specialized Loan

1

Servicing, LLC ("Loan Servicing") was the servicer of the allegedly wrongfully foreclosed loan and acted as an agent of the holder/owner of the loan. (Id. at PageID 100.) Defendant JPMorgan Chase Bank, N.A. ("Chase") was the holder/owner of the allegedly wrongfully foreclosed loan. (Id.) Defendant Shapiro & Ingle, LLP ("Shapiro") was the substitute trustee that conducted foreclosure proceedings and functioned as a debt collector for Chase and Loan Servicing. (Id.) Defendant Marathon Management, LLC was the agent of Marvin's Garden, LLC, and conducted eviction proceedings against Plaintiffs in Shelby County Chancery Court. (Id. at PageID 101.) Defendant Marvin's Garden, LLC was the purchaser at the foreclosure sale of the property. (Id.) Auction.com, Inc. was employed by Shapiro to conduct foreclosure proceedings as an auctioneer. (Id.) The foreclosure sale occurred on June 2, 2016. (Id. PageID 106.)

Plaintiffs requested an injunction from the Shelby County Chancery Court but no relief was granted. (ECF No. 1-2.) The case was removed to this Court on June 13, 2016. (ECF No. 1.) With leave of the Court, Plaintiffs filed an Amended Complaint on July 13, 2016. (ECF No. 18.) The Amended Complaint asserts the following claims: (1) breach of contract against Chase, Loan Servicing, and Shapiro; (2) breach of the covenant of good faith and fair dealing against Chase, Loan Servicing, Shapiro, and Auction.com; (3) fraud and deceit against Chase, Loan Servicing, Shapiro, and Auction.com; (4) violation of RESPA against Chase and Loan Servicing; (5) violation of escrow waving against Chase; (6) quiet title / set aside sale; (7) declaratory judgment that Plaintiffs are the owners of the property and are entitled to its possession. (ECF No. 18.) Plaintiffs request compensatory damages, exemplary and/or punitive damages for fraud and deceit, and are also seeking to quiet title to the property. (ECF No. 18 at PageIDs 114-15.) Defendants filed motions to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 30, 32, 33, 35, and 47.) Plaintiffs filed untimely responses to the

motions to dismiss on October 12, 2016 and October 13, 2016. (ECF Nos. 52, 53, 54, 56, and 57.)

On November 30, 2016, Plaintiffs filed a motion to amend the Amended Complaint. (ECF No. 72.) Defendants Chase, Loan Servicing, Marathon, Marvin's Garden, and Auction.com filed responses in opposition to the motion to amend. (ECF Nos. 73, 74, and 75.) On January 24, 2017, the Magistrate Judge issued a Report and Recommendation on Defendants' motions to dismiss the Amended Complaint (ECF Nos. 30, 32, 33, 35, 47), Defendants Chase and Loan Servicing's Motion to Dismiss for Failure to Comply with Court Order (ECF No. 50), and Plaintiffs' Motion to Amend the Amended Complaint (ECF No. 72.). (ECF No. 78.) Defendant Shapiro timely filed objections to the Report and Recommendation on February 6, 2017, asserting the following three objections: (1) the Magistrate erred by disregarding the affidavit of Nicholas Raab (ECF No. 36-1); (2) the Magistrate erred by not analyzing whether Shapiro's alleged misconduct prejudiced Plaintiff's in some manner; and (3) the Magistrate erred by not analyzing whether Shapiro was privileged to conduct a foreclosure sale. (ECF No. 79.) No other parties have filed objections to the Report and Recommendation or replies to Shapiro's objections.

On March 31, 2017, the Court entered an Order Adopting in Part Report and Recommendation ("Order"). (ECF No. 91.) Specifically, the Court denied Chase and Loan Servicing's Motion to Dismiss for Failure to Comply with Court Order (ECF No. 50), denied without prejudice the motion to dismiss (ECF Nos. 30, 32, 33, 35, 47), and granted Plaintiffs fourteen (14) days to file their Second Amended Complaint (ECF No. 72). (Id. at PageID 716.) Plaintiffs failed to file a Second Amended Complaint, and Defendants filed Motions to Renew their previously filed Motion to Dismiss (ECF Nos. 96, 99, 100, 105) as to the Amended

3

Complaint, which the Court subsequently reinstated. (ECF Nos. 104, 106.) The Court also indicated that it would reconsider the previously issued Report and Recommendation as to the proposed recommendations regarding Defendants' motions to dismiss. (Id.)

Plaintiffs retained counsel "on or about May 10, 2017." (ECF No. 117-1 at PageID 889; ECF No. 116.) On May 18, 2017, Plaintiffs filed a Motion to Amend Order Adopting in Part Report and Recommendation requesting that the Court allow Plaintiffs additional time to file a Second Amended Complaint. (ECF No. 117.) The Court denied Plaintiffs' motion on June 27, 2017. (ECF No. 125.)[1]

## II. LEGAL STANDARD

### A. Report and Recommendation

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

The portions of the Report and Recommendation as to which no specific objections were timely filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). "A general objection to the entirety of the magistrate's report has the same effects as would a failure

---

[1] This order does not address the more recently filed motions for summary judgment (ECF Nos. 131, 133, and 137).

4

to object." Howard, 932 F.2d at 509. Moreover, the "failure to properly file objections constitutes a waiver of appeal." See Howard, 932 F.2d at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

**B. Motions to Dismiss**

Fed. R. Civ. P. 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." As such, a Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cnty., 814 F.2d 277, 279 (6th Cir. 1987)). A motion to dismiss tests only whether the plaintiff has pleaded a cognizable claim and allows the court to dismiss meritless cases which would waste judicial resources and result in unnecessary discovery. Brown v. City of Memphis, 440 F.Supp.2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). If a court decides in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. Iqbal, 556 U.S. at 679. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the

5

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A complaint need not contain detailed factual allegations. However, a plaintiff without facts who is "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Iqbal, 556 U.S. at 678-79; Green v. Mut. of Omaha Ins. Co., No. 10-2487, 2011 WL 112735, at *3 (W.D. Tenn. Jan. 13, 2011), aff'd 481 F. App'x 252 (6th Cir. 2012).

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). A pro se complaint, however, is still required to state a claim for which relief may be granted under Rule 12(b)(6). See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading" (internal quotation marks omitted)).

## III. ANALYSIS

### A. Count 1 – Breach of Contract

Count 1 of the Amended Complaint asserts breach of contract against Chase, Shapiro, and Loan Servicing. (ECF No. 18 at PageID 107.) As to Count 1 – Breach of Contract, the Magistrate Judge finds that "the Fords have adequately alleged a violation of the notice requirements contained in the [Deed of Trust] DOT, as well as the statutory requirements." (ECF No. 78 at PageID 650.) The Magistrate Judge also finds that "the Proposed Complaint plausibly alleges a claim for breach of the DOT against Chase, Shapiro, and Specialized on the grounds that the Fords were not in default." (Id. at PageID 652.) Lastly, the Magistrate Judge finds that the Proposed Complaint fails to state any claim for a breach of the DOT resulting from

6

either of the following: the initiation of foreclosure proceedings on the DOT around the middle of May 2015, a breach of section 20 of the DOT, or a violation of Tennessee Code Annotated § 35-5-114 due to a defective appointment of Shapiro. (Id. at PageIDs 652-53.)

### a. Objection 1: Failure to Consider the Affidavit of Nicholas Raab

Shapiro filed an objection to the Report and Recommendation on February 6, 2017, arguing that the Magistrate Judge erred by disregarding the Affidavit of Nicholas Raab (ECF No. 36-1) because the document was integral to the Complaint as it "established the nature of the dispute that arose in September 2015" and "explain[ed] how the Plaintiffs admittedly knew of a foreclosure sale the week before the June 2, 2016 sale." (ECF No. 79 at PageIDs 669-74.)

Matters outside the pleadings may not generally be considered in ruling on a 12(b)(6) motion. Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999) (citing Weiner v. Klais & Co., 108 F.3d 86, 88 (6th Cir. 1997)). An exception to this rule, however, includes documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. Jackson, 194 F.3d at 745 (citing Weiner, 108 F.3d at 89). Such documents may be considered without converting the motion to dismiss into a motion for summary judgment. Commercial Money Center, Inc. v. Illinois Union Insurance Company, 508 F.3d 327, 335-36 (6th Cir. 2007). Documents concerning notice, including proof of publication, should be considered part of the pleadings in a wrongful foreclosure claim when notice is referred to in the complaint because notice is central to such a claim. Muldrow v. JPMorgan Chase Bank, N.A., No. 16-cv-2381-STA-cgc, 2016 WL 4031387, at *3 (W.D. Tenn. July 26, 2016). Courts also allow affidavits demonstrating notice of foreclosure sale in such cases.

7

Newland v. Morgan Stanley Private Bank, N.A., No. 3:15-CV-00309, 2017 WL 2275000, at *4 (E.D. Tenn. May 24, 2017).

On de novo review, the Court finds that the Magistrate Judge erred by failing to consider the Raab Affidavit and attached exhibits concerning notice, as notice is central to Count 1 of the Amended Complaint. (See ECF No. 18 at PageID 107 ("SAS and SLS failure to provide the notices required by the DOT and regulated by Tenn. Code Ann. §§ 35-5-101 constitutes a breach of contract. In addition, the untimely and improper notice provided by Chase constitutes a breach of contract.").) The Raab Affidavit and attached exhibits indicate that Shapiro sent notices of the original December 17, 2015 sale date to Plaintiffs via first-class and certified mail on November 5, 2015. (ECF No. 36-1 at PageID 305, 339-46.) The notices of sale were also published in The Daily News on November 13, 20, and 27, 2015. (Id. at PageID 347.) The Raab Affidavit and attached exhibits also indicate that Shapiro sent several notices of postponement to Plaintiffs, ultimately indicating the final sale date of June 2, 2016. (Id. at PageID 305, 348-55.) It appears that the notices of postponement sent to Plaintiffs were sent to the address listed on the letters, 7421 Iris Cove, Memphis, TN 38125, by first-class mail. (Id. at PageIDs 348-55, 304 ("In the lending industry, it is custom and practice in mail such letters [such as repayment notices] to the addresses listed by regular first-class mail and to place a copy in the servicer's file.").)

Upon consideration of the Raab Affidavit, the Court finds that the Amended Complaint fails to allege a claim for breach of the DOT against Shapiro, Loan Servicing, and Chase on the ground that Defendants failed to provide the notices required by the DOT and regulated by Tenn. Code Ann. §§ 35-5-101. (¶ 36, ECF No. 18 at PageID 107.) Section 22 of the DOT governs notices of sale:

8

> If Lender invokes the power of sale, Trustee shall give notice of sale by public advertisement in the county in which the Property is located for the time and in the manner provided by Applicable Law, and Lender or Trustee shall mail a copy of the notice of sale to Borrower in the manner provided in Section 15.

(ECF No. 1-2 at PageID 37.) Section 15 of the DOT, titled "Notices," provides:

> All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first-class mail or when actually delivered to Borrower's notice address if sent by other means.

(ECF No. 1-2 at PageID 34.) Tennessee Code Annotated § 35-5-101 provides publication requirements for noticing a foreclosure sale:

> (a) In any sale of land to foreclose a deed of trust, mortgage or other lien securing the payment of money or other thing of value or under judicial orders or process, advertisement of the sale shall be made at least three (3) different times in some newspaper published in the county where the sale is to be made. (b) The first publication shall be at least twenty (20) days previous to the sale.

The code also provides requirements for postponement of the sale, in relevant part:

> (f) Unless postponement or adjournment is contractually prohibited, any sale hereunder may be adjourned and rescheduled one (1) or more times without additional newspaper publication, upon compliance with the following provisions . . . (3) if the postponement or adjournment is for more than thirty (30) days, notice of the new date, time, and location must be mailed no less than (10) calendar days prior to the sale date via regular mail to the debtor and co-debtor; . . .

Tenn. Code Ann. § 35-5-101(f).

As the Magistrate Judge noted, "parties can vary the terms of foreclosure by contract, and where a deed of trust provisions varies from the statutory requirements, that term will generally supersede the statutory requirement." (ECF No. 78 at PageID 648 (quoting <u>Fed. Nat. Mortg. Ass'n v. Robilio</u>, 2008 WL 2502114, at *7 (Tenn. Ct. App. June 24, 2008).) The DOT references a publication requirement, but does not provide any specificity as to the manner of publication. (<u>See</u> § 22, ECF No. 1-2 at PageID 37.) The DOT is silent regarding the

9

requirements as to notices of postponement of the sale.  The DOT does provide specific mailed notice requirements.  (See § 15, ECF No. 1-2 at PageID 34.)  Therefore, the Court construes the DOT to mean that publication of the notice and notices of postponement were to follow the statutory publication requirements of § 35-5-101, while the mailed notice was to be governed by Sections 22 and 15 of the DOT.  See Gibson v. Mortgage Electronic Registration Systems, Inc., 2012 WL 1601313 (W.D. Tenn. 2012) (reaching a similar conclusion where the DOT contained similar language to the DOT in the instant case).

The Court finds that the notices given complied with the mailing requirements of the DOT.  The notices of the December 17, 2015 sale date were sent to Plaintiffs by certified mail.  (ECF No. 36-1 at PageIDs 339-46.)  And, according to the Raab Affidavit, the notices of postponement were mailed by first-class mail to Plaintiffs.  (ECF No. 36-1 at PageID 304.)  As such, the Court finds that Shapiro, Chase, and Loan Servicing did not fail to provide the notices required by the DOT.  XA

The Court finds that the publication of the notice complied with the statutory publication requirements of § 35-5-101, as the publication of the December 17, 2015 sale was published on November 13, 20, and 27, 2015.  See § 35-5-101(a)–(b).  Additionally, the notice was sent before the first day of publication on November 25, 2015 to Plaintiffs by registered or certified mail.  See § 35-5-101(e).  The Court, however, does not find that the notices rescheduling the December 17, 2015 sale date complied with the postponement requirements of § 35-5-101(f).  Each of the notices postpone the sale for more than 30 days, but were sent to Plaintiffs less than 10 calendar days prior to the originally scheduled sale date.  (See ECF No. 36-1 at PageIDs 348-55 (a notice sent on December 15, 2015, two days prior to the sale date of December 17, 2015, rescheduling the sale to January 28, 2016; a notice sent on January 28, 2016 rescheduling the

10

sale to March 10, 2016; a notice sent on March 8, 2016 rescheduling the sale to April 21, 2016; a notice sent on April 13, 2016, eight days prior to the sale date of April 21, 2016).) Additionally, the notices did not specify the new location of the sale. (Id.) "The failure of a trustee to comply with statutory requirements does not render the sale at foreclosure void or even voidable." Robilio, at *7. As a result, the failure of Schapiro to comply with the statutory notice requirements for postponement does not entitle Plaintiffs to the remedy of setting aside the foreclosure sale. The Court therefore GRANTS the Motions to Dismiss as to the claim that Shapiro, Loan Servicing, and Chase breached the DOT through failure to comply with notice requirements as alleged in Paragraph 36 of Count 1 of the Amended Complaint.

### a. Objection 2: Failure to Assess Prejudice

Shapiro also argues that the Magistrate Judge erred by failing to analyze whether Shapiro's alleged failure to provide the last notice of postponement concerning the June 2, 2016 foreclosure sale date prejudiced Plaintiffs. (Id. at PageIDs 674-75.) As Plaintiffs have failed to allege a breach of contract through failure to comply with the notice requirements of the DOT, the Court need not address Objection 2 – whether the Magistrate Judge erred by failing to analyze the prejudice suffered by Plaintiffs for failure to comply with the notice requirements of the DOT.

### b. Objection 3: Shapiro's Immunity as a Substitute Trustee

Shapiro filed an objection to the Report and recommendation on February 6, 2017, arguing that Shapiro is entitled to immunity as a substitute trustee under Tennessee law and should therefore be dismissed from this litigation. (ECF No. 79 at PageIDs 675-76.) Shapiro

11

argues that the Magistrate Judge erred by failing to analyze Shapiro's privilege to move forward with the foreclosure sale. (Id. at PageID 676.)

Upon de novo review, the Court finds that the Magistrate Judge erred by failing to consider whether Shapiro was a necessary party to the instant case. Under Tennessee law, "[a] trustee shall not be liable for any good faith error resulting from reliance on any information in the law or fact provided by the borrower or secured party of their respective attorney, agent, or representative or other third party." TCA § 35-5-116. In light of this statute, substitute trustees are often not necessary parties to actions arising from this section. Mull v. Available Mortg. Funding, LLC, No. 2:11-cv-2338-STA-dka, 2012 WL 1022966, at *2 (W.D. Tenn. Mar. 26, 2012) (dismissing a substitute trustee under Section 35-5-116 whose involvement in the case was solely based on its role as trustee in the foreclosure sale); Correa v. Rubin Lublin TN, PLLC, No. 15-2135-STA-cgc, 2015 WL 5232081, at *3 (W.D. Tenn. Sept. 8, 2015).

In the instant case, Plaintiffs named Shapiro as "the purported substitute trustee." (Am. Compl. ECF No. 18 ¶ 5.) As discussed below, the Court finds that the Complaint does not sufficiently allege facts to show that Shapiro acted in bad faith, by relying on the information provided by Chase and/or Loan Servicing that Plaintiffs were in default, when conducting the foreclosure sale. (See Am. Compl. ECF No. 18.) Shapiro, therefore, appears to be an unnecessary party in the instant case. See Mull, 2012 WL 1022966, at *2. The Court therefore DISMISSES Shapiro from the instant case.

As to the remaining claims in Count 1 – breach of the DOT as to Chase on the grounds that Plaintiffs were not in default (¶ 35) – the Court, upon clear-error review, ADOPTS the Report and Recommendation that the Complaint plausibly alleges a claim for breach on this

ground. (ECF No. 78 at PageIDs 651-52.) The Amended Complaint alleges that, after receiving the Acceleration Warning dated September 29, 2015, Plaintiffs "subsequently disputed that they were not in default" and that "the Fords have paid all of the principal and interest owed pursuant to the terms of the DOT." (ECF No. 18 at PageIDs 104, 106.) The Court therefore dismisses all of the claims in Count 1 of the Amended Complaint (ECF No. 18) except for the claim for breach of the DOT against Chase (¶ 35) on the grounds that the Fords were not in default.

### B. Count 2 – Breach of the Covenant of Good Faith and Fair Dealing

Count 2 of the Amended Complaint asserts a breach of the covenant of good faith and fair dealing against Chase, Loan Servicing, Shapiro, and Auction.com. (ECF No. 18 at PageID s 107-09.) The Magistrate Judge recommends that "the motions to dismiss be granted as to . . . breach of the covenant of good faith and fair dealing." (ECF No. 78 at PageID 654.) The Magistrate Judge found "no basis for the proposed claim of breach of the covenant of good faith and fair dealing," explaining that "a breach of the implied covenant of good faith and fair dealing is not an independent basis for relief." (Id. at PageIDs 653-54 (citation omitted).) No party has filed objections to this portion of the Report and Recommendation. Upon clear-error review, the Court ADOPTS the Report and Recommendation as to Count 2 – Breach of the Covenant of Good Faith and Fair Dealing of the Amended Complaint (ECF No. 18) and GRANTS Defendants' Motions to Dismiss as to Count 2 of the Amended Complaint.

### C. Count 3 – Fraud and Deceit

Count 3 of the Amended Complaint asserts a claim of fraud and deceit against Chase, Loan Servicing, Shapiro, and Auction.com. (ECF No. 18 at PageIDs 109-11.) The Magistrate Judge recommends that the motions to dismiss be granted as to the fraud claim for failure to

13

plead with the specificity required by Rule 9(b). (ECF No. 78 at PageIDs 657-58.) No party has filed objections to this portion of the Report and Recommendation. Upon clear-error review, the Court ADOPTS the Report and Recommendation as to Count 3 and GRANTS Defendants' Motions to Dismiss as to Count 3 of the Amended Complaint.

### D. Count 4 – Violation of RESPA

Count 4 of the Amended Complaint asserts a violation of 12 USC § 2601, et seq., otherwise known as RESPA, against Chase and Specialized. (ECF No. 18 at PageIDs 111-12.) The Magistrate Judge recommends that "the motions to dismiss be denied as to the RESPA claim against Chase and Specialized," finding that the Proposed Complaint "states a claim under § 2605 of RESPA against Chase and specialized that meets the Rule 12(b)(6) standard," "the Proposed Complaint contains sufficient factual assertions to support the Fords' allegations that they sent QWRs to Chase and Specialized" and that "the Proposed Complaint sufficiently alleges actual damages pursuant to § 2605(f)(1)." (ECF No. 78 at PageIDs 663-64.) No party has filed objections to the Magistrate Judge's findings regarding Count 4.

Upon clear-error review, the Court DECLINES TO ADOPT the Magistrate Judge's findings as to Count 4 due to the Magistrate Judge's failure to consider the Raab Affidavit. The Court finds that the Fords have not sufficiently alleged a claim under RESPA in the Amended Complaint. In the Amended Complaint, Plaintiffs alleged that Chase failed to respond to the Notices of Error ("NOE") and/or Qualified Written Requests ("QWR"), allegedly sent between early 2015 until April 2016, in the time frames and manners prescribed by RESPA. (ECF No. 18 at PageID 103.) Plaintiffs claim that Chase and Loan Servicing's failure to respond to their inquiries constitute violations of RESPA. (ECF No. 18 at PageID 111.) The Raab Affidavit and

attached exhibits show that Chase/Loan Servicing acknowledged receipt of and responded to QWRs and NOEs sent by Plaintiff Tasha Ford regarding reinstatement quotes for their loan, payment history for the loan, corporate advance balance for fees charged to her account, a request to stop default -related calls, a request to postpone the pending foreclosure sale as well as payments and fees, and notice of servicing transfer to Loan Servicing. (ECF No. 36-1 at PageIDs 359-411.) The affidavit and exhibits show that Chase/Loan Servicing acknowledged receipt of and responded to such requests between December 16, 2015 and May 24, 2016. (ECF No. 36-1 at PageIDs 359-411.) Plaintiffs fail to allege with any particularity how the responses to their QWRs and NOEs did not comply with RESPA. The Amended Complaint fails to identify which requests Chase/Loan Servicing failed to address, how Defendants failed to address them, and otherwise how Defendants failed to comply with their obligations under RESPA. See Gibson, 2012 WL 1601313, at *8-9. Given the absence of factual support for the RESPA claim, the Court GRANTS Defendants' Motions to Dismiss as to Count 4 of the Amended Complaint.

### E. Count 5 – Violation of Escrow Waiving

Count 5 of the Amended Complaint asserts a violation of 15 USC §1639, et seq. against Chase. (ECF No. 18 at PageID 112.) The Report and Recommendation recommends that "the motions to dismiss be granted" as to this count because "the conclusory references to "escrow waving" and § 1639 are insufficient to state a claim." (ECF No. 78 at PageID 666.) The Magistrate Judge states that "the Proposed Complaint does not identify or cite any statutory provisions that establish the Fords are not required to maintain an escrow account, or which provisions required Chase to close the Fords' escrow account upon request." (Id.) No party has filed objections to this portion of the Magistrate Judge's Report and Recommendation. Upon

clear-error review, the Court ADOPTS the Report and Recommendation as to Count 5 and GRANTS Defendants' Motions to Dismiss as to Count 5 of the Amended Complaint.

### F. Counts 6 and 7 – Quiet Title, Set Aside Sale, and Declaratory Judgment

Counts 6 and 7 of the Amended Complaint seek a declaratory judgment from the Court holding that the Fords are "the only true and lawful owners of the Property" and to hold the foreclosure sale that occurred on June 2, 2016 "as void." (ECF No. 18 at PageIDs 112-13.) The Magistrate Judge recommends that, "because the Fords have sufficiently plead claims for breach of the DOT which, if proven, could cause the foreclosure sale to be set aside, it is recommended the motions to dismiss against Marvin's and Marathon be denied." (ECF No. 78 at PageID 667.) The Magistrate Judge also finds that "the Fords have not alleged that they have fully satisfied the loan under the DOT, and therefore cannot state a claim for quiet title to the Property." (Id. at PageID 667.) No party has filed objections to this portion of the Report and Recommendation. Upon clear-error review, the Court adopts the Report and Recommendation as to Counts 6 and 7. If Plaintiffs are able to establish that Chase breached the DOT on the grounds that Plaintiffs were not in default, the foreclosure sale may be set aside. The Court DENIES the Motions to Dismiss as to Count 6 regarding the claim to set aside the sale and GRANTS the Motions to Dismiss as to Count 6 regarding the claim for quiet title. The Court DENIES the Motions to Dismiss as to Count 7 – Declaratory Judgment.

## IV. CONCLUSION

For the reasons stated above, the Court ADOPTS IN PART the Report and Recommendation and GRANTS IN PART and DENIES IN PART the Motions to Dismiss. The Court DISMISSES Defendant Shapiro from the instant case. The Court GRANTS the Motions

16

to Dismiss as to Counts 2, 3, 4, and 5 of the Amended Complaint (ECF No. 18).  As to Count 1, the Court GRANTS the Motions to Dismiss as to Paragraphs 34 and 36 and DENIES the Motions to Dismiss as to the remainder of Count 1 (Paragraph 35) against Chase.  As to Count 6, the Court GRANTS the Motions to Dismiss as to the claim for quiet title but DENIES the Motions to Dismiss as to the claim to set aside sale against Defendants Loan Servicing, Chase, Marathon Management, LLC, Marvin's Garden, LLC, and Auction.com, Inc.  The Court DENIES the Motions to Dismiss as to Count 7 against Defendants Loan Servicing, Chase, Marathon Management, LLC, Marvin's Garden, LLC, and Auction.com, Inc.

IT IS SO ORDERED, this 9th day of August, 2017.

/s/ Jon P.  McCalla
JON P.  MCCALLA
UNITED STATES DISTRICT JUDGE