UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

KELVIN FORD and TASHA FORD,

    Plaintiffs,

v.                                            Case No. 2:16-cv-02414-JPM-tmp

SPECIALIZED LOAN SERVICING, LLC,
JPMORGAN CHASE BANK, N.A.,
SHAPIRO & INGLE, LLP (dismissed),
MARATHON MANAGEMENT, LLC,
MARVIN'S GARDEN, LLC, and
AUCTION.COM, INC.,

    Defendants.

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

Before the Court is the *pro se* Motion to Alter or Amend Judgment, filed by Plaintiffs Kelvin and Tasha Ford ("Plaintiffs") on June 5, 2018. (ECF No. 189.) The Court struck Plaintiffs' previous *pro se* Motion to Alter or Amend Judgment because Plaintiffs are listed as being represented by counsel in this action. (ECF No. 187.) Plaintiffs now file another Motion to Alter or Amend Judgment in which they represent that, after judgment was entered in this action, Plaintiffs' attorneys ceased representing them and have not returned their calls. The Court will therefore consider the instant Motion to Alter or Amend Judgment.[1]

"A Rule 59 motion should only be granted if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent

---

[1] The Motion advances no substantive arguments, but the Court will read it together with the struck motion filed on April 16, 2018. (ECF No. 182.)

manifest injustice." Michigan Flyer LLC v. Wayne Cty. Airport Auth., 860 F.3d 425, 431 (6th Cir. 2017). A motion to alter or amend judgment "is not intended to be utilized to relitigate issues previously considered." Am. Copper & Brass, Inc. v. Halcor S.A., 494 F. Supp. 2d 873, 874 (W.D. Tenn. 2007) (quoting Keweenaw Bay Indian Cmty. v. State of Mich., 152 F.R.D. 562, 563 (W.D. Mich. 1992), aff'd sub nom. Keweenaw Bay Indian Cmty. v. State, 11 F.3d 1341 (6th Cir. 1993)). "[W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal." Id. (quoting Keweenaw, 152 F.R.D. at 563) (alteration in original). "[I]t is not enough for 'a party simply to reargue its prior position in the hope that the court will change its mind.'" Grier v. Goetz, 402 F. Supp. 2d 871, 873 (M.D. Tenn. 2005) (quoting Al-Sadoon v. FISI*Madison Fin. Corp., 188 F. Supp. 2d 899, 902 (M.D. Tenn. 2002)).

In their Motion to Alter or Amend Judgment, Plaintiffs argue that the Court erred in granting summary judgment against them, and they do so by "offering essentially the same arguments presented on the original motion[.]" Am. Copper & Brass., 494 F. Supp. 2d at 874. In other words, Plaintiffs simply "reargue [their] prior position in the hope that the court will change its mind." Grier, 402 F. Supp. 2d at 873. In such circumstances, "the proper vehicle for relief is an appeal" and not the alteration or amendment of the judgment. Id. Accordingly, Plaintiffs' Motion to Alter or Amend Judgment is DENIED.

**IT IS SO ORDERED**, this 6th day of June, 2018.

/s/ Jon P. McCalla  
JON P. McCALLA  
UNITED STATES DISTRICT JUDGE